

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

~~XXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Hon.  Artie Stephens
County Attorney
Hopkins County
Sulphur Springs, Texas

Opinion No. O-2420
Re:  Voting for precinct officers
in July, following the changing of
commissioners precincts in Febru-
ary.

Dear Sir:

  Your recent letter, requesting a legal opinion of
this Department, states that the commissioners court of your
county on the 5th day of February, 1940, changed the commis-
sioners precincts of the county with the result that some
citizens are now within a different commissioners precinct,
and will have resided therein less than six months prior to
the July primaries.  You ask may these citizens vote for pre-
cinct officers in such commissioners precinct.

  We assume that these individuals are otherwise qual-
ified voters and further, that no change was made in the elec-
tion precincts which could be done only in conformity with
Article 2933, Revised Civil Statutes.

  It has been consistently held by this Department
that the Constitution and statutes of Texas do not require
that a voter shall have resided six months within a precinct
of a county, to be eligible to vote, but that the six months
requirement is complied with if the voter has resided such
time within the county.  Letter opinions of the Attorney Gen-
eral, Vol. 382, p. 617 and p. 623; Vol. 362, p. 613.

  In conference Opinion No. 2116, by Assistant Attorney
General John Maxwell, approved by Attorney General C. M. Cure-
ton, July 16, 1919, (Opinions of Attorney General, Vol. 53, page
271) it was declared:  "If a voter has in fact moved into a new
precinct within the same county in good faith to reside in such
precinct and to acquire a residence therein, such voter is en-
titled to vote at any general election held subsequent to his
acquiring his new residence as aforesaid."

  These opinions are entirely sound in their holdings
that a voter, who has resided within the county for six months,
may vote in the precinct within the county to which he removes,
notwithstanding such removal may be at a time less than six

Hon. Artie Stephens, page 2

months prior to the election. In such case there is no doubt that such voter could vote for precinct officers of the precinct to which he has removed. Indeed, Article 2967, Revised Civil Statutes of Texas, makes specific provision for the situation where a citizen, who has received his poll tax receipt or certificate of exemption, removes to another precinct in the same county.

The question submitted by you, however, relates to the fact situation where the voter himself does not remove to another precinct, but where he is, so to speak "removed" to the different precinct by the action of the commissioners' court in altering the precincts in the county. There is no statutory regulation of this situation analogous to Article 2967, supra, relating to the removal of the citizen himself to another precinct.

We are constrained to the opinion, however, that the citizen so removed by the action of the commissioners' court is not precluded from voting, in a primary election to be held less than six months thereafter, on the precinct officers of the new precinct in which he finds himself after the action of the commissioners' court. As before pointed out, neither the Constitution nor the Statutes of Texas require, as a prerequisite for voting for precinct officers, that the citizen shall have resided within the precinct for at least six months prior thereto. In the absence of such requirement, it is our opinion that a citizen, otherwise qualified, may vote for the precinct officers of the precinct in which he resides.

Accordingly, you are respectfully advised that it is the opinion of this Department that the citizens residing within the commissioners precincts, as changed by the commissioners court of your county on the 5th day of February, 1940, if otherwise qualified, may vote for the precinct officers thereof in the July primaries of 1940.

APPROVED JUL 12, 1940
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:        BWB, CHAIRMAN

ACS:BBB:wb

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Zollie C. Steakley
Zollie C. Steakley, Assistant